**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff and proposed FLSA Collective & Class Members*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARISOL LOOR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>396 ENTERPRISES, LLC, d/b/a NEW LOOK CAR WASH, and JEFFREY HAZA,<br><br>Defendants. | Case No.:<br><br>**FLSA COLLECTIVE ACTION & CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff MARISOL LOOR, by and through counsel, alleges upon information and belief, individually and on behalf of all others similarly situated, except as to the allegations that pertain to Plaintiff which are alleged upon personal knowledge, as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime wages for Plaintiff and her similarly situated co-workers – all of whom worked as non-exempt car wash/cleaning workers for Defendants' 396 ENTERPRISES, LLC, d/b/a NEW LOOK CAR WASH, and JEFFREY HAZA in their car wash/cleaning/detailing businesses located at 111 Franklin Street in Bloomfield, New Jersey ("New Look Car Wash").

2. Specifically, Defendants illegally failed to pay Plaintiff and the other non-exempt car wash/cleaning workers employed by Defendants at New Look Car Wash overtime premiums for the many overtime hours they worked for Defendants.

3. Plaintiff brings this action on behalf of himself and similarly situated current and former non-exempt car wash/cleaning workers employed by Defendants at New Look Car Wash who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned overtime wages.

4. Plaintiff also brings this action, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all similarly situated current and former non-exempt car wash/cleaning workers employed by Defendants at New Look Car Wash to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.*, including but not limited to N.J.A.C. § 12:56-3.5 (minimum wage) and 12:56-14.3 (overtime) ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A § 34:11-4.1 *et seq.*, including but not limited to N.J.S.A § 34:11-4.6 ("NJWPL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

7. Plaintiff MARISOL LOOR ("Plaintiff") is an adult individual who resides in the State of New Jersey.

8. Plaintiff is an employee within the meaning of the FLSA and the NJWHL.

9. Defendants employed Plaintiff to work at New Look Car Wash, assigned to their Bloomfield location, doing car washes, cleaning, and detailing, and related tasks.

10. Defendant 396 ENTERPRISES, LLC, d/b/a NEW LOOK CAR WASH ("396 Enterprises") is a New Jersey Limited Liability Company that operates New Look Car Wash and maintains its principal place of business at 111 Franklin Street in Bloomfield, New Jersey and its registered office at 9 Meadow Lane in North Caldwell, New Jersey, 07006.

11. Defendant JEFFREY HAZA ("Haza") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of New Look Car Wash.

12. At all times relevant hereto, Defendant Haza was the chief executive officer, manager and/or owner of New Look Car Wash.

13. As chief executive officer, manager and/or owner of New Look Car Wash, Defendant Haza was in charge of New Look Car Wash and ensured that its operations were running smoothly.

14. Further, as chief executive officer, manager and/or owner of New Look Car Wash, Defendant Haza had overall responsibility for the management of New Look Car Wash and was involved in, or approved, all major decisions, such as hiring and firing employees and setting pay rates and budgets.

15. Defendants 396 Enterprises and Haza jointly employed Plaintiff and the other non-exempt car wash/cleaning/detailing workers to work at and for New Look Car Wash.

16. Defendants 396 Enterprises and Haza are herein collectively referred to as "Defendants".

17. Defendants grossed more than $500,000.00 in each of the last six calendar years.

18. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

19. At all times relevant hereto, Defendants employed employees, including Plaintiff, and each member of the FLSA Collective and the Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

20. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

21. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NJWHL and NJWPL.

22. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each member of the FLSA Collective and the Class.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings the First Cause of Action, FLSA claims, on behalf of herself and all similarly situated persons who worked for Defendants as non-exempt car wash/cleaning workers at New Look Car Wash who elect to opt-in to this action (the "FLSA Collective").

24. Consistent with the Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid overtime wages for <u>any</u> overtime hours they worked.

25. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

26. This policy and pattern or practice includes but is not limited to willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the required overtime premiums for each overtime hour worked.

27. Defendants willfully failed to notify their employees, including Plaintiff and the FLSA Collective, of their rights under the FLSA.

28. Defendants' unlawful conduct, as described in this Complaint, was pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiff and the FLSA Collective the overtime premiums required by law.

29. Defendants are aware or should have been aware that federal law required them to pay their employees overtime premiums for all overtime hours worked.

30. Plaintiff and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, similar duties.

31. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **CLASS ACTION ALLEGATIONS**

32. Plaintiff brings the Second Cause of Action, NJWHL and NJWPL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of: *All persons who work or have worked for Defendants as non-exempt car wash/cleaning workers at New Look Car Wash, between May 24, 2018 and the date of final judgment in this matter* (the "Rule 23 Class").

33. Excluded from the Rule 23 Class are Defendants, Defendants' officers, legal representatives, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

34. Upon information and belief, the size of the Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

35. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

36. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants failed to pay Plaintiff and the Rule 23 Class lawful minimum wages for the hours that they worked;

6

- Whether Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages for the overtime hours that they worked;

- Whether Defendants unlawfully withheld tips that belonged to Plaintiff and the Rule 23 Class:

- Whether Defendants failed to keep true and accurate time records for all hours/shifts worked by Plaintiff and the Rule 23 Class, and other records required by the NJWHL and the NJWPL;

- Whether Defendants' policies of failing to pay workers overtime and failing to keep required records were instituted willfully or with reckless disregard of law; and

- The nature and extent of class-wide injury and the measure of damages for those injuries.

37. The claims of the Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for the Defendants at New Look Car Wash. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NJWHL and the NJWPL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated due to Defendants' common policies, practices, and patterns of conduct. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, she must represent and consider the interests of the Rule 23 Class just as he would represent and consider her own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Rule 23 Class. Plaintiff

recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJWHL and the NJWPL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs often lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

39. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

40. Plaintiff worked for Defendants at New Look Car Wash as a non-exempt car wash/cleaning worker.

41. Specifically, Plaintiff washed towels and other items needed at the car wash, vacuumed cars, cleaned and dried car windows, dried cars, vacuumed and cleaned the offices/premises of the office and surrounding areas, and related/similar work.

42. Plaintiff worked for Defendants, continuously on a full-time basis, from May or June of 2021 until November of 2021, and then again from June of 2022 until Sunday April 28, 2024, when she was abruptly fired.

43. Defendants paid Plaintiff at hourly rates that ranged from $7.00 per hour to $9.00 per hour.

44. Defendants raised Plaintiff's pay to $9.00 per hour in or about May of 2023.

45. Plaintiff and other members of the FLSA Collective and the Class regularly worked for Defendants six or seven days a week.

46. Initially, Plaintiff worked for Defendants seven days a week, until in or about November of 2023, when Defendants switched her to only working six days a week (off on Mondays).

47. Plaintiff and many other members of the FLSA Collective and the Class regularly worked for Defendants ten hours per day, except for Sundays when they worked less because Defendants closed New Look Car Wash earlier on Sundays.

48. Defendants scheduled Plaintiff to work at New Look Car Wash from 8 AM until 6 PM, except for Sundays when she was scheduled to work from 8:30 AM until 4 PM.

49. When Plaintiff worked seven days per week, Plaintiff worked a total of 67.5 hours per week for Defendants and when she worked six days per week, Plaintiff worked a total of 57.5 hours per week for Defendants.

50. Many of the other members of the FLSA Collective and the Class were scheduled to work well over 40 hours per week.

51. Despite them working <u>many</u> hours in excess of forty (40) per week, Defendants failed to pay Plaintiff and the members of the FLSA Collective and the Class <u>any</u> overtime premiums for overtime hours they worked for Defendants.

52. Further, Defendants regularly paid Plaintiff, and other members of the Class, far less than the NJ minimum wage.

53. Further, Defendants allowed a manager named Tony to participate in the tip pool, taking tips that belonged to Plaintiff and the members of the FLSA Collective and the Class.

54. Defendants did not keep accurate records, as required by federal and state law, of all the hours worked by Plaintiff and the members of the FLSA Collective and the Class.

55. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and the members of the FLSA Collective and the Class were not paid minimum wages and overtime premiums for overtime hours they worked for Defendants.

56. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiff and the members of the FLSA Collective and the Class, and that they violated the FLSA and NJWHL and the NJWPL.

57. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the members of the FLSA Collective and the Class.

## FIRST CLAIM FOR RELIEF

**Fair Labor Standards Act–Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

58. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

59. At all times relevant, Plaintiffs and the members of the FLSA Collective are or have been employees of Defendants within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

60. Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). See Exhibit A attached hereto.

61. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, and engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

62. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

63. Plaintiff and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New Jersey Wage and Hour Law & Wage Payment Law –Minimum Wage, Tips & Overtime Wages (Brought on behalf of Plaintiff and the Class)**

64. Plaintiff realleges and incorporates by reference all previous paragraphs as if set forth fully herein.

65. Defendants failed to pay Plaintiff and the Class the overtime wages to which they are entitled under the New Jersey Wage & Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

48. Defendants failed to pay Plaintiff and the Class all of the minimum wages they owe them under the NJWHL and NJWPL.

49. Defendants improperly withheld tips that belonged to Plaintiff and the Class.

50. Defendants failed to keep the records required under the NJWHL and NJWPL.

51. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL and the NJWPL, as detailed in this Complaint.

52. At all times relevant to this action, Plaintiff and each member of the Class have each been an "employee" of Defendants, and Defendants have been "employers" of Plaintiff and the Class within the meaning of the NJWHL, N.J.S.A. §34:11-56(a)(1).

53. As a direct consequence of Defendants' violations of the NJWHL and the NJWPL, Plaintiff and the Class suffered and continue to suffer substantial damages.

54. Plaintiff seeks damages of unpaid wages, unpaid minimum wages, misappropriated tips, unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL and the NJWPL;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(d) Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

(e) An award of unpaid wages, unpaid minimum wages, misappropriated tips, and unpaid overtime wages, and other damages due under the FLSA, and the NJWHL and NJWPL;

(f) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216:

(g) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime wages pursuant to N.J.S.A. 34:11-56a25

(h) Costs and expenses of this action, together with reasonable attorneys' fees;

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further relief as this Court deems just and proper.

DATED: May 24, 2024                    Respectfully submitted,

__s/ David Harrison_____
**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com

*Attorneys for Plaintiff and the proposed FLSA Collective members and Class*

# EXHIBIT "A"

DocuSign Envelope ID: AFCD04C6-36A9-4EB5-A1EF-3E617144D6A9

Soy una empleada actual o anterior de 396 ENTERPRISES, LLC, d/b/a NEW LOOK CAR WASH. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Firmado este _21_ dia de _Mayo del 2024_..

_____
Firma

Marisol Loor

_____
Nombre legal completo (deletreado)

Scanned with CamScanner